Nancy E. STOLZ, Plaintiff,

v.

AMERICAN INTERNATIONAL LIFE
ASSURANCE COMPANY OF NEW
YORK, a corporation, Defendant.

No. C95–5130FDB.

United States District Court,
W.D. Washington.

April 24, 1996.

John Franklin Hansler, Dolack, Hansler, Loran, Rowan & Ritchie, Tacoma, WA, for plaintiff.

Mark P. Scheer, Maria E. Sotirhos, Lane, Powell, Spears, Lubersky, Seattle, WA, for defendant.

## ORDER DENYING JOINT MOTION TO VACATE JUDGMENT

BURGESS, District Judge.

## INTRODUCTION

This matter comes before the court upon the Parties' Agreed Motion To Vacate Judgment Pursuant to Fed.R.Civ.P. 60(b)(5). In this case, this Court granted summary judgment for Plaintiff, concluding that there was coverage under the policy for injury from accidental means, which injury was the proximate cause of death, and the heart disease, which caused the accident, was a remote cause. Judgment in this case was entered on October 23, 1995, and Defendant then appealed to the United States Court of Appeals for the Ninth Circuit. While on appeal, this action was settled pursuant to Ninth Circuit mediation. Defendant has agreed to pay Plaintiff a sum of money in exchange for Plaintiff's execution of a release. The parties filed a joint motion for dismissal of the appeal, which was granted. The parties now move this Court for an order vacating its judgment pursuant to Fed.R.Civ.P. 60(b)(5) because the judgment has been "satisfied, released, or discharged" by virtue of settlement.

## ARGUMENTS

The parties request vacatur because: (1) the parties agree that the post-judgment settlement reached while the case was on appeal "satisfied, released, or discharged" the judgment that this Court entered on October 23, 1995; (2) The judgment was issued as an unpublished opinion that carries no general precedential weight and binds only the parties before this Court; (3) the parties bound by the judgment join in bringing the motion for vacation of judgment; and (4) this Court is empowered to vacate the judgment pursuant to Fed.R.Civ.P. 60(b)(5).

## DISCUSSION

This Court may have the power to vacate the judgment, dismissal of the appeal having restored jurisdiction to this Court and a procedural rule arguably providing the means for vacatur, but the real question is whether this Court should vacate the judgment.

The United State Supreme Court addressed the issue of whether appellate Courts in the federal system should vacate civil judgments of subordinate courts in cases that are settled after appeal is filed or certiorari sought in *U.S. Bancorp Mortgage Company v. Bonner Mall Partnership,* —— U.S. ——, 115 S.Ct. 386, 130 L.Ed.2d 233 (1994), a case conspicuously uncited in the parties'

memorandum. The Court held that mootness by reason of settlement does not justify vacatur of a judgment under review.

In reaching its conclusion, the Supreme Court stated:

From the beginning we have disposed of moot cases in the manner " 'most consonant to justice' . . . in view of the nature and character of the conditions which have caused the case to become moot."

*Id.*, at ——, 115 S.Ct. at 391. In making its review, the "principal condition" to which the Court has looked is "whether the party seeking relief from the judgment below caused the mootness by voluntary action." *Id.*

The Supreme Court distinguished mootness by reason of settlement and mootness from "happenstance." For example, when the subject of a judgment was an issue concerning a commodity under price control, and on appeal the commodity was decontrolled, the issue on appeal was rendered moot—became unreviewable—by happenstance, that is, due to circumstances unattributable to any of the parties. *See United States v. Munsingwear, Inc.*, 340 U.S. 36, 71 S.Ct. 104, 95 L.Ed. 36 (1950). In *U.S. Bancorp*, the Court stated, "We thus stand by *Munsingwear's* dictum that mootness by happenstance provides sufficient reason to vacate," expressing no view on whether the principle was correctly applied to the circumstances of that case. *U.S. Bancorp* at ——, 115 S.Ct. at 391, n. 3. A party, frustrated from obtaining review by the vagaries of circumstance or by the unilateral action of a party who prevailed below, ought not in fairness be forced to acquiesce in the judgment. *Id.* at ——, 115 S.Ct. at 391–92. The Court went on to state:

Where mootness results from settlement, however, the losing party has voluntarily forfeited his legal remedy by the ordinary processes of appeal or certiorari, thereby surrendering his claim to the equitable remedy of vacatur. The judgment is not unreviewable, but simply unreviewed by his own choice.

*Id.* at ——, 115 S.Ct. at 392. Addressing the parties' argument that they are jointly responsible for settling, the Court observed that while they were in some sense on even footing, this was insufficient:

Respondent won below. It is petitioner's burden, as the party seeking relief from the status quo of the appellate judgment, to demonstrate not merely equivalent responsibility for the mootness, but equitable entitlement to the extraordinary remedy of vacatur.

*Id.*

The Court addressed other arguments advanced, taking into account the public interest. Unless the public interest may be served by vacatur,

. . . step[ping] off the statutory path to employ the secondary remedy of vacatur as a refined form of collateral attack on the judgment would—quite apart from any consideration of fairness to the parties—disturb the orderly operation of the federal judicial system.

*Id.* Regarding the policy argument of facilitation of settlement, the Court reasoned that

. . . while the availability of vacatur may facilitate settlement after the judgment under review has been rendered and certiorari granted (or appeal filed), it may *deter* settlement at an earlier stage.

*Id.* at ——, 115 S.Ct. at 393, emphasis in original. This reasoning has particular applicability to cases such as the one at bar. The parties may each desire to obtain the Court's view of their respective positions, then negotiate while on appeal, and move for vacatur of an adverse opinion. The Court has then operated as little more than an elaborate settlement mechanism, and has been ill used at that. It is nearly as though the parties have sought and obtained an advisory opinion. It is a waste of judicial resources and an abuse of the judicial process to use the Court in this way. Allowing vacation of judgments under such circumstances only serves to encourage the practice.

The Supreme Court found it appropriate to address the relevance of their holding to motions at the Court of Appeals level for vacatur of district court judgments. The Supreme Court addressed the argument that vacatur motions at the Court of Appeals level should be more freely granted, since District court judgments are subject to review as of right, and found that argument wanting:

We again assert the inappropriateness of disposing of cases, whose merits are beyond judicial power to consider, on the basis of judicial estimates regarding their merits.

*Id.* at ——, 115 S.Ct. at 393.

While the parties did not request vacatur of this Court's judgment at the Ninth Circuit after the settlement was reached, but instead petition this Court, it is appropriate for this Court to determine whether the Supreme Court's opinion applies in this case.

This Court can discern no reason why the principles enunciated by the Supreme Court for the treatment of moot cases in the appellate courts should not be applied by the District Court. Indeed, the Supreme Court indicated that an appellate Court could remand the case for the District Court to consider a request for vacatur pursuant to Fed. R.Civ.P. 60(b). *Id.* There is no just reason why the Supreme Court's principles governing the matter of cases rendered moot by settlement cannot be a source of guidance for this Court.

There are no exceptional circumstances in this case to justify vacating the Court's Order on summary judgment. This case did not become unreviewable by happenstance, but by the parties reaching settlement. The parties' argument that the Order is unpublished and has no precedential weight undercuts their own argument that there is a need for vacatur. Vacatur of District Court judgments after a case has settled on appeal does not foster settlement of cases at the District Court level. The rationale of *U.S. Bancorp* is appropriately applied in this case to deny vacation of the Court's Order on Summary Judgment.

Accordingly, it is hereby

ORDERED: The Parties' Agreed Motion To Vacate Judgment Pursuant To FRCP 60(b)(5) is DENIED.